UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Premier One Landscapes, LLC,

              Appellant,

v.

Steven John Hrkal and
Kimberly Colleen Hrkal,

              Appellees.

**MEMORANDUM OPINION
AND ORDER**
Civil No. 14-1412 ADM

_____

## I. INTRODUCTION

This matter is before the Court based on the Court's obligation to consider whether it has subject matter jurisdiction in every case. See Hart v. United States, 630 F.3d 1085, 1089 (8th Cir. 2011) (stating a court has a responsibility to consider sua sponte whether it has subject matter jurisdiction where the court believes subject matter jurisdiction may be lacking). For the reasons set forth below, the Court finds it lacks subject matter jurisdiction. The case is therefore dismissed with prejudice.

## II. BACKGROUND

Appellant appeals United States Bankruptcy Judge Michael E. Ridgway's March 11, 2014 Order [Docket No. 4, Attach. 10] which dismissed Appellant's bankruptcy adversary proceeding with prejudice. See Notice of Appeal [Docket No. 1] at 1. Appellant elected to have the District Court hear its appeal. Statement of Election [Docket No. 1, Attach. 2].

Appellant filed the Notice of Appeal on April 8, 2014, 28 days after the Bankruptcy Court's Order dismissing the adversary proceeding. Federal Rule of Bankruptcy Procedure 8002 requires a notice of appeal to be "filed with the clerk within 14 days of the date of the entry of

the judgment, order, or decree appealed from." Fed. R. Bankr. P. 8002(a).

After the Notice of Appeal was filed, but before it was transmitted to this Court, Appellant filed a motion in Bankruptcy Court seeking to extend the time to appeal pursuant to Bankruptcy Rule 8002(c) ("Motion to Extend").[1] See Mot. to Extend [Docket No. 4, Attach. 11]. A hearing was held on May 1, 2014. At the hearing, Appellant argued that its failure to file the Notice of Appeal within 14 days was the result of excusable neglect because Appellant's counsel used a computer software application to calculate the appeal period and the software application erroneously indicated the filing deadline was April 10, 2014, rather than the correct of March 25, 2014. Appellant further argued that its counsel briefly researched the deadline for filing an appeal from a Bankruptcy Court order, but erroneously concluded the appeal period was 30 days, rather than 14 days.

The Bankruptcy Court orally denied Motion to Extend, finding the reasons Appellant failed to timely file a Notice of Appeal did not constitute excusable neglect. The Bankruptcy Court thoroughly stated on the record the bases for its ruling, and entered a summary order denying the Motion to Extend the following day, May 2, 2014. See Order, May 2, 2014 [Docket No. 4, Attach. 13]. Appellant did not appeal the May 2, 2014 Order denying the Motion to Extend.

On May 6, 2014, Appellant's appeal of the Bankruptcy Court's March 11, 2014 Order

---

[1] Federal Rule of Bankruptcy Procedure 8002(c)(2) states in relevant part:

> A request to extend the time for filing a notice of appeal must be made by written motion filed before the time for filing a notice of appeal has expired, except that such a motion filed not later than 21 days after the expiration of the time for filing a notice of appeal may be granted upon a showing of excusable neglect.

was transmitted from Bankruptcy Court to this Court.  See Clerk's Notice of Receipt and Assignment [Docket No. 7] ("Clerk's Notice of Receipt").[2]  The Clerk's Notice of Receipt included a briefing schedule instructing Appellant to file a brief within 14 days.  Appellant did not file a brief or take any other action to prosecute its appeal, nor did it voluntarily dismiss the appeal.

On September 17, 2014, this Court issued an Order stating that it appeared the Court lacked jurisdiction over the appeal based on Appellant's failure to timely file the Notice of Appeal.  See Order, Sept. 17, 2014 [Docket No. 8] (citing Veltman v. Whetzal, 93 F.3d 517, 520 (8th Cir. 1996) ("In general, failure to file a timely notice of appeal from a bankruptcy court's order deprives the district court of jurisdiction to review that order.")).  The Order stated that if Appellant disagreed with the Court's jurisdictional analysis, it should file a memorandum of law explaining why the case should not be dismissed, and that if no brief were filed, the case would be dismissed.  Id. at 2.

Appellant filed a memorandum of law stating in relevant part:  "In its Order of May 2, 2014, the Bankruptcy Court found no excusable neglect in this matter.  However, Appellant disagrees with the Court's analysis.  As Appellant is able to evidence excusable neglect in this matter, this Court has jurisdiction over the present appeal."  Appellant's Mem. Law [Docket No. 9] at 5.

---

[2] When a notice of appeal is filed in Bankruptcy Court, the Local Rules for the Bankruptcy Court in this district require the clerk of Bankruptcy Court to transmit the notice of appeal to the District Court within 30 days.  See Local Bankr. R. 8007-2 (stating "[w]ithin 30 days after the notice of appeal is filed . . . the clerk shall transmit to the clerk of district court . . . the notice of appeal") (emphasis added).  Therefore, even though Appellant's Notice of Appeal was untimely and the Motion to Extend had been denied, the clerk of Bankruptcy Court was required to transmit the appeal to this Court.

### III.  DISCUSSION

Appellant's argument fails for two reasons.  First, Appellant did not appeal the Bankruptcy Court's May 2, 2014 Order.  Therefore, the issue of whether Appellant has shown excusable neglect is not before the Court.

Second, even if the May 2, 2014 Order had been appealed, this Court would affirm. "When a bankruptcy court's judgment is appealed to the district court, the district court acts as an appellate court and reviews the bankruptcy court's legal determinations de novo and findings of fact for clear error."  In re Falcon Prods., Inc., 497 F.3d 838, 840-41 (8th Cir. 2007) (quoting In re Fairfield Pagosa, Inc., 97 F.3d 247, 252 (8th Cir.1996)).  Here, the Bankruptcy Court's factual findings were not erroneous because Appellant does not dispute that its counsel had researched the deadline for appealing a Bankruptcy Court order and erroneously concluded that the appeal period was 30 days, rather than 14 days.  Further, the Bankruptcy Court correctly determined that these circumstances did not constitute excusable neglect.  The Supreme Court has held that "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable neglect.'"  Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 392 (1993).  The Eighth Circuit has similarly found that a lawyer's "misapplication of clear and unambiguous procedural rules cannot excuse his failure to file a timely notice of appeal."  Lowry v. McDonnell Douglas Corp., 211 F.3d 457, 464 (8th Cir. 2000); accord Ceridian Corp. v. SCSC Corp., 212 F.3d 398, 404 (8th Cir. 2000) (recognizing "traditional rule that mistakes of law do not constitute excusable neglect"); Advanced Estimating Sys., Inc. v. Riney, 130 F.3d 996, 998 (11th Cir. 1997) ("[A] lawyer's misunderstanding of clear law cannot constitute excusable neglect.  If it could, almost every appellant's lawyer would plead

his own inability to understand the law when he fails to comply with a deadline.").

Therefore, the Bankruptcy Court did not err in denying the Motion to Extend. As a result, Appellant's appeal of the Bankruptcy Court's March 11, 2014 Order dismissing the adversary proceeding remains untimely, and this Court lacks subject matter jurisdiction over the appeal. See Veltman, 93 F.3d at 520 ("In general, failure to file a timely notice of appeal from a bankruptcy court's order deprives the district court of jurisdiction to review that order.").

## IV.  CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that Appellant Premiere One, Inc.'s appeal is **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:


    s/Ann D. Montgomery  
ANN D. MONTGOMERY  
U.S. DISTRICT JUDGE

Dated:  October 2, 2014.